# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KATHY ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-533 |
| ) | (Phillips) |
| HARPER VEHICLES, LLC d/b/a HARPER ACURA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to dismiss defendant's counterclaim, or in the alternative, for a more definite statement [Doc. 7]. In support of her motion, plaintiff would show that she is a former employee of defendant Harper Acura. She was employed by Harper for over nine years. In her one-count complaint, plaintiff alleges that defendant's established policy of providing her and other nonexempt employees with compensatory time, or "comp time," in lieu of payment of the mandatory overtime premium for hours worked in excess of forty hours per week constitutes a violation of the Fair Labor Standards Act (FLSA).

Defendant has denied any violation of the FLSA. Additionally, defendant has filed a counterclaim alleging state law claims of conversion and fraud. Defendant contends that plaintiff was "padding" her time and falsifying her time records which resulted in her being paid for time that she did not actually work. Plaintiff asserts that this court lacks

subject matter jurisdiction over defendant's state law counterclaims because they are not compulsory counterclaims, and as permissive counterclaims, the court is without subject matter jurisdiction to hear those claims. The court finds plaintiff's assertion without merit.

Plaintiff contends that defendant does not present a compulsory counterclaim. She claims that defendant's state law counterclaims present "entirely different legal, factual and evidentiary questions." Contrary to plaintiff's contention, the court finds there is a "logical relationship" between her claim and defendant's counterclaim. Plaintiff alleges that she usually worked in excess of 40 hours per week. She also alleges that she was compelled to adjust her time clock records to reflect that she worked no more than a 40-hour week. Defendant claims that it paid plaintiff overtime compensation when she worked more than 40 hours in a work week. Defendant also alleges that plaintiff had been altering her time clock records for years and was, in essence, padding or fraudulently increasing her hours worked. Defendant's counterclaim further alleges that it discovered that plaintiff was also writing paychecks to herself for more hours than she had actually recorded in the electronic time clock system. The allegations of the complaint and counterclaim in this action establish that there is a "logical relationship" between them. Like plaintiffs' overtime claims against defendant, defendant's fraud claims arise out of the employment relationship. Similarly, plaintiff's overtime claims and defendant's fraud claims involve the question of how much money defendant should have paid plaintiff for her services. Based on these facts, the court finds that defendant has stated a compulsory counterclaim.

Plaintiff's payroll records, changes she made to her records, weekly payments to her and any overpayments she made to herself are relevant to the claims made in plaintiff's complaint and in defendant's counterclaim. Plaintiff's and defendant's claims against each other are part of the same "common nucleus of operative fact," *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966), and this court has supplemental jurisdiction over defendant's counterclaim. 28 U.S.C. § 1367 ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution).

Plaintiff next argues that the court should not exercise supplemental jurisdiction because the defendant's state law claims "substantially predominate over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). This argument is also without merit.

If the evidence needed to prove the federal and state claims "is similar or identical, it cannot be concluded that the state law claims predominate over the federal claims or that the scope of the case will be expanded by exercising supplemental jurisdiction over the appended claims." Moore's Federal Practice, § 106.65 (Matthew Bender 3d ed.); *see also Gibbs*, 383 U.S. at 726-27. In this case, the state law claims are intricately related to plaintiff's FLSA claim. All of the involved claims are based on how much plaintiff worked and how much she was paid. The values of judicial economy,

convenience and fairness support the exercise of supplemental jurisdiction in this case. If the state law claims are dismissed, the parties will be forced to litigate identical facts and issues in the state court. To prove its claims for conversion and fraud, defendant will have to put on evidence of how much plaintiff actually worked and how much she paid herself. These exact same facts will be presented in plaintiff's FLSA case, thus judicial economy, convenience of the parties, and fairness require the exercise of supplemental jurisdiction in this civil action.

Finally, plaintiff has alleged that defendant's fraud and conversion claims have not been pled with particularity such that she may prepare a responsive pleading. In its response to plaintiff's motion, defendant states that the relevant time period for the counterclaims is no more than three years from the filing of the complaint herein. Based upon the defendant's response and supporting documents, the court finds that defendant has provided sufficient information to satisfy Rule 9, Federal Rules of Civil Procedure. Accordingly, plaintiff's motion to dismiss counterclaim, or in the alternative, for a more definite statement [Doc. 75] is **DENIED.**

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge